UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARISHA CAREE LIBBETT,<br><br>    Petitioner,<br><br>  v.<br><br>LINDA CONDRON, warden,<br><br>    Respondent.<br>                                  / | No. C 07-2884 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Carisha Caree Libbett, an inmate at the Valley State Prison For Women, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Her petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. Her in forma pauperis application also is before the court.

## BACKGROUND

Libbett states in her petition that she was convicted in Santa Clara County Superior Court of kidnapping to commit robbery and was sentenced on January 7, 2005 to life imprisonment with the possibility of parole. She alleges that she filed an unsuccessful appeal before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition allege that the evidence was insufficient to support the verdict on the kidnapping for robbery conviction. Liberally construed, the allegations state a claim for relief for a violation of her right to due process under the Fourteenth Amendment to the U.S. Constitution. See In re. Winship, 397 U.S. 358 (1970). There is no Fifth or Sixth Amendment violation implicated by the allegations of insufficient evidence to support the conviction.

Libbett also claims that the "state counterparts" of the federal constitutional provisions were violated by the conviction based on insufficient evidence. Petition, p. 6. A state prisoner can only seek the writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The part of the insufficient evidence claim that asserts a state law error is dismissed without leave to amend.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the record of court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, she must do so by filing a traverse with the Court and serving it on respondent on or before **December 28, 2007**.

5. Petitioner's in forma pauperis application is DENIED because petitioner failed to provide the requested information about her inmate trust account. (Docket # 2.) Petitioner must pay the $5.00 filing fee (or submit a copy of he inmate trust account statement showing that she has no funds to do so) no later than **October 26, 2007** or this action will be dismissed.

IT IS SO ORDERED.

DATED: September 7, 2007

　　　　　　　　　　　　　　　　　　SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　United States District Judge